IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JUSTIN K. BLACK,                      )
                                      )
       Petitioner,            )
                                      )
v.                                    )        Civil Action Nos. 3:13-22029
                                      )
MARVIN C. PLUMLEY, Warden,            )
                                      )
       Respondent.            )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's "Motion to Hold in Abeyance 2254 Petition Until Completion of State Court Proceedings" (Document No. 3.), filed on August 20, 2013;[1] and (2) Respondent's "Motion to Dismiss Petition" (Document No. 6.), filed on September 12, 2013. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

PROCEDURAL HISTORY

A.      Criminal Action No. 07-F-143:

On May 11, 2007, the Grand Jury of Cabell County, West Virginia, returned an Indictment against Petitioner charging him with one count of Murder and one count of Malicious Wounding. State v. Black, Criminal Action No. 07-F-143 (Cir. Ct. Cabell Co. July 7, 2008); (Document No. 16-1.). Following a jury trial conducted on April 14 - 21, 2008, Petitioner was convicted of Second Degree Murder. (Id.) Petitioner filed his Notice of Appeal on May 19, 2008. (Id.) By Order entered

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

on June 6, 2008, Petitioner was sentenced to 40 years in the State penitentiary. (Id.) On July 2, 2008, the Circuit Court entered an Amended Order of Commitment and denied Petitioner's Motion to Set Aside Verdict and Sentencing. (Id.)

On September 29, 2008, Petitioner filed his Petition for Appeal with the Circuit Court. (Id.) The Circuit Court mailed Petitioner's Petition for Appeal to the Supreme Court of Appeals of West Virginia on October 22, 2008. (Id.) The West Virginia Supreme Court granted Petitioner's Petition for Appeal on February 9, 2009. (Id.) In his appeal, Petitioner raised the following assignments of error:

A.    The trial court erred in admitting Mr. Black's statements to the police into evidence;

B.    The trial court erred in excluding expert testimony on false confessions;

C.    The trial court improperly excluded Mr. Black's proposed rebuttal testimony;

D.    The trial court erred in striking, as irrelevant, testimony by Jessica Carson;

E.    The trial court erred in denying Mr. Black's motion for change in venue;

F.    The prosecuting attorney failed to disclose exculpatory evidence to Mr. Black prior to trial;

G.    The trial court erred in denying Mr. Black's motion to exclude all state witnesses who were intended to establish Mr. Black's presence at the scene of the alleged offense and any other witness to rebut Mr. Black's alibi evidence; and

H.    The trial court erred in allowing the State, during its closing argument to make references to inadmissible out-of-court statements.

(Document No. 15-1.) By Opinion Order entered on March 4, 2010, the West Virginia Supreme Court affirmed Petitioner's conviction and sentence. State v. Black, 227 W.Va. 297, 708 S.E.2d 491 (2010).

2

**B.       First State *Habeas* Petition:**

On June 28, 2010, Petitioner, proceeding *pro se*, filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. <u>Black v. Hoke</u>, Case No. 10-C-464 (Cir. Ct. Cabell Co. Dec. 22, 2010); (Document No. 16-2.) Petitioner raised the following grounds for *habeas* relief:

1.       Ineffective Assistance of Trial Counsel. Trial counsel was very ineffective for failing to give representation that amounted to giving his client a fair hearing as guaranteed by due process.

2.       Prejudicial Pre-Trial Publicity. Media outlets already had significant information that was disclosed to the public that was not accurate, but prejudiced the defendant during his voir dire and trial.

3.       Mental Incapacity at Time of Trial. Defendant was under a doctor's care for multiple disorders that were clearly diagnosed which rendered defendant incapable of making accurate statements at time of questioning.

4.       State's Knowing Use of Perjured Testimony. State's witnesses knowingly lied under oath originally and at trial stages.

(<u>Id</u>., pp. 5 - 6.) On September 21, 2010, Petitioner filed his Amended Petition and a Motion for Appointment of Counsel. (<u>Id</u>., p. 2.) By Order dated December 22, 2010, the Circuit Court denied the *habeas* petition without conducting an omnibus hearing. (Document No. 15-2.) On February 10, 2011, Petitioner filed his appeal of the denial of the State *habeas* petition to the West Virginia Supreme Court of Appeals. (Document No. 16-2, p. 2.) By "Memorandum Decision" filed on November 30, 2012, the West Virginia Supreme Court of Appeals affirmed the Circuit Court's order denying Petitioner's *habeas* petition. (Document No. 15-3.)

**C.       Second State *Habeas* Petition:**

On September 7, 2011, Petitioner, proceeding *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. <u>Black v. Hoke</u>, Case No. 11-C-654 (Cir. Ct. Cabell Co. April 4, 2013); (Document No. 16-3.). Petitioner raised the following grounds for *habeas*

relief:

1.     Either counsel was ineffective or the trial court denied Black due process of law when the trial court accepted a less than unanimous verdict against him for second degree murder.

2.     Counsel was ineffective for failing to request a cautionary instruction to take caution for the accomplice's testimony.

(Id., pp. 3 - 14.) By Order dated March 28, 2013, the Circuit Court dismissed Petitioner's second

*habeas* petition. (Id., p. 2.) On April 26, 2013, Petitioner filed a petition for appeal from the Circuit

Court's decision. (Id.) By Order entered on June 12, 2013, the West Virginia Supreme Court of

Appeals summarily affirmed the Circuit Court's decision and dismissed Petitioner's appeal.

(Document No. 10, p. 21.)

**D.    Third State *Habeas* Petition:**

On July 12, 2013, Petitioner, proceeding *pro se*, filed his third Petition for Writ of *Habeas*

*Corpus* in the Circuit Court of Cabell County. Black v. Plumley, Case No. 13-C-486 (Cir. Ct. Cabell

Co.); (Document No. 16-4.) Petitioner raised the following grounds for *habeas* relief:

1.     Counsel was ineffective for failing to timely obtain the records from Yellow Cab. During the trial, Dement lied to the jury when he alleged that Black had assisted him and others with murder. The witness stated that he left in a cab after the incident occurred. Phone records and cab records from the night of the incident could not be used because the attorney had failed to get the records in a timely manner.

2.     Black's right to due process was violated by the use of false evidence to convict. Prior to trial, Brian Dement gave a statement indicating that neither he nor Black or the others had committed the murder, but nevertheless stated that he would come to trial and lie to save himself from a life sentence. This made his trial testimony unreliable.

3.     Counsel was ineffective for failing to investigate. Prior to trial, Black learned that the victim was found without any pants or panties on – however, nothing was done by Black's attorney to investigate whether there may have been evidence of rape.

4

4.      Failure to investigate by counsel. Counsel was ineffective for failing to investigate whether there were other suspects in the crime who were not disclosed to the jury.

(Id., pp. 2 - 7.) This *habeas* petition is currently pending before the Circuit Court.

**E.    First Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on August 20, 2013. (Document No. 1.) In his Petition, Petitioner alleges the following grounds for *habeas* relief (Id., pp. 5 - 8.):

1.      Counsel was ineffective for failing to object to the jury poll when only 11 jurors confirmed their verdict. After conviction and the jury was polled, only 11 out of 12 jurors confirmed the verdict. Instead of declaring a mistrial, the Court remained silent on the issue and Black was therefore convicted of murder. Black believes that if this attorney would have objected to the jury poll, the court would have had no choice but to declare a mistrial.

2.      Counsel was ineffective for failing to retrieve yellow cab affidavit as to whether co-defendant rode cab. During trial, Brian Dement accused Black of committing murder. However, Dement stated that after allegedly witnessing the murder, he then left in a yellow cab. The attorney obtained the yellow cab records indicating that no cab went to the area the day of the murder. However, the attorney failed to provide the State timely notice of this information. On this basis, the Court excluded the information from the jury's consideration.

3.      Counsel was ineffective for failing to request a cautionary instruction for co-defendant testimony. During trial, Brian Dement was the only witness for the State who could place Black at the scene of the crime. Dement had also plead guilty to the same crimes. Despite these facts, Black's attorney never requested any cautionary instruction in an effort to limit the effects of Dement's damaging testimony.

Also on August 20, 2013, Petitioner filed a "Motion to Hold Abeyance 2254 Petition Until Completion of State Court Proceedings." (Document No. 3.) Petitioner states that he "has a state habeas corpus still pending in the Circuit Court of Cabell County." (Id.) Petitioner, therefore,

requests that the Court "hold the current § 2254 petition in abeyance until his state court proceedings are completed." (Id.) By Order entered on August 26, 2013, the undersigned directed Respondent to file a Response to Petitioner's "Motion to Hold in Abeyance 2254 Petition Until Completion of State Court Proceedings." (Document No. 5.)

On September 12, 2013, Respondent filed his Motion to Dismiss, Memorandum in Support, and "Response in Opposition to Petitioner's Motion to Hold in Abeyance." (Document Nos. 6 - 8.) In his Motion to Dismiss and Memorandum in Support, Respondent argues that Petitioner's Petition should be dismissed as untimely. (Id.) Respondent argues that Petitioner was convicted of Second Degree Murder in the Circuit Court of Cabell County on April 21, 2008. (Document No. 7, p. 1.) Respondent states that Petitioner filed a direct appeal and his appeal was denied by the West Virginia Supreme Court on March 4, 2010. (Id.) Respondent asserts that Petitioner filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County on June 6, 2011.[2] (Id.) Respondent contends that Petitioner "sought review of that decision in the Supreme Court of Appeals of West Virginia, and the court denied review." (Id., pp. 1 - 2.) Respondent, therefore, argues that Petitioner's "Petition was time-barred before he filed his petition for state court habeas relief." (Id., p. 2.) Specifically, Respondent argues as follows:

> The Supreme Court of Appeals of West Virginia denied Black's direct appeal on March 4, 2010. Adding 90 days to that date means that his one-year statute of limitations began to run on June 2, 2010, and that limitations period expired on June 2, 2011. According to his federal petition, however, Black did not pursue state post-conviction relief until June 6, 2011. Moreover, Black's state habeas proceedings allegedly concluded on March 28, 2013, and he did not file his federal habeas Petition until August 20, 2013, adding an additional 145 days of delay (assuming there were no gaps during Black's state habeas proceedings). Therefore, Black's

---

[2] The record reveals that Petitioner's first *habeas* petition was filed in the Circuit Court of Cabell County on June 28, 2010. (Document No. 16-2.)

petition for federal habeas relief is time-barred, and his Petition must be dismissed.
(Id.)

In his "Response in Opposition to Petitioner's Motion to Hold in Abeyance," Respondent argues that Petitioner's Motion should be denied because Petitioner's Petition is "untimely on its face and must be dismissed under 28 U.S.C. § 2244(d)(1)(A)." (Document No. 8.) In the alternative, Respondent argues that Petitioner's Motion should be denied because Petitioner failed to show good causes for his failure to exhaust his claims first in State court. (Id.)

On September 30, 2013, Petitioner filed his "Response to Respondent's Motion to Dismiss and Memorandum in Support." (Document No. 10.) Petitioner explains that "[w]hen filing his petition, [he] did not have all the pertinent documents and case files before him and for that reason important information was not included in the petition which would have clarified the timeliness of his habeas application." (Id., p. 1.) Petitioner states that he filed his first State *habeas* Petition in the Circuit Court of Cabell County on September 21, 2010. (Id.) Petitioner claims that the Circuit Court denied his *habeas* petition on December 22, 2010, "without appointing counsel or having a hearing." (Id.) Petitioner alleges that he appealed the decision to the West Virginia Supreme Court, and the West Virginia Supreme Court denied his appeal on November 30, 2012. (Id., p. 3.) Petitioner states that he filed his second State *habeas* Petition on June 6, 2011. (Id.) Petitioner explains that the Circuit Court denied his petition on March 28, 2013, and he filed his appeal on April 26, 2013. (Id.) Petitioner states that the West Virginia Supreme Court denied his appeal on June 12, 2013. (Id.) Petitioner claims that he filed his third State *habeas* Petition on July 10, 2013, and this Petition "is still pending to this day." (Id.) Accordingly, Petitioner argues that his Petition is timely because he "only lost 105 days out of the 365 days he had to file his federal habeas petition with this court." (Id.)

Furthermore, Petitioner agues that the Court should grant his Motion to Hold in Abeyance because he is attempting to "exhaust his State remedies on the claims now pending before the Cabell County Circuit Court in Civil Action No. 13-C-486." (Id., pp. 4 - 5.) Petitioner explains that he has continuously pursued *habeas* relief in the Cabell County Circuit Court, but "[d]espite his many efforts the State Circuit Court continued to summarily deny Black's petitions without appointing counsel and without allowing Black to develop the record on his claims." (Id.) Petitioner, therefore, contends that the Court should stay and hold his Petition in abeyance to allow Petitioner "to present his unexhausted claim to the State court." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of the West Virginia Supreme Court's Order refusing Petitioner's direct appeal dated April 5, 2010 (Id., p. 7.); (2) A copy of the Circuit Court of Cabell County's "Order Denying Habeas Corpus Petition" as filed on December 22, 2010, in Civil Action No. 10-C-464 (Id., pp. 9 - 14.); (3) A copy of the West Virginia Supreme Court's "Memorandum Decision" entered on November 30, 2012, denying Petitioner's appeal concerning Civil Action No. 10-C-464 (Id., pp. 16 - 17.); (4) A copy of the West Virginia Supreme Court's "Mandate" dated December 31, 2012, as filed in Case No. 11-0198 (Id., p. 19.); and (5) A copy of the West Virginia Supreme Court's "Order" entered on June 12, 2013, denying Petitioner's appeal concerning Civil Action No. 11-C-654 (Id., p. 21.).

By Order entered on January 29, 2014, the undersigned directed Respondent to file a Reply to Petitioner's "Response to Respondent's Motion to Dismiss and Memorandum in Support" and include "copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 12.) On February 5, 2014, Respondent filed his "Response to Petitioner's Motion to Hold in Abeyance" stating that "[w]ithout waiving any or all defenses or

arguments in response to any claims the Petitioner has raised or may raise in the future, the Respondent does not object to holding this federal habeas matter in abeyance." (Document No. 14.)

On February 25 and 26, 2014, Respondent filed Motions to Supplement Respondent's Motion to Dismiss Petition. (Document Nos. 15 and 16.) In his Motions, Respondent states that certain documents were excluded from the Motion to Dismiss and the attached documents "demonstrate the Petitioner is untimely under 28 U.S.C. § 2244." (Id.) As Exhibits, Respondent attached the following: (1) A copy of State of West Virginia v. Black, 227 W.Va. 297, 708 S.E.2d 491 (2010) (Document No. 15-1.); (2) A copy of the "Order Denying Habeas Corpus Petition" as filed in the Circuit Court of Cabell County on December 22, 2010 (Document No. 15-2.); (3) A copy of the "Memorandum Decision" as entered by the West Virginia Supreme Court of Appeals on November 30, 2012, affirming the Circuit Court's order denying Petitioner's *habeas* petition (Document No. 15-3.); (4) A copy of the Docket Sheet involving State v. Black, Criminal Action No. 07-F-143 (Cir. Ct. Cabell Co. July 7, 2008) (Document No. 16-1.); (5) A copy of the Docket Sheet involving Black v. Hoke, Case No. 10-C-464 (Cir. Ct. Cabell Co. Dec. 22, 2010) (Document No. 16-2, p. 2.); (6) A copy of Petitioner's *habeas* petition as filed in Case No. 10-C-464 (Id., pp. 3 - 8.); (7) A copy of the Docket Sheet involving Black v. Hoke, Case No. 11-C-654 (Cir. Ct. Cabell Co. April 4, 2013) (Document No. 16-3, p. 2.); (8) A copy of Petitioner's *habeas* petition as filed in Case No. 11-C-654 (Id., pp. 3 - 14.); (9) A copy of the Docket Sheet involving Black v. Plumley, Case No. 13-C-486 (Cir. Ct. Cabell Co.) (Document No. 16-4, p. 2.); and (10) A copy of Petitioner's *habeas* petition as filed in Case No. 13-C-486 (Id., pp. 3 - 7.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied sub nom., Matthews v. Moore, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review.[3] Id. at 844, 119 S.Ct. at 1732.

---

[3] In West Virginia, prisoners may exhaust their available State court remedies by (1) stating cognizable federal constitutional claims in a direct appeal, or (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court. *Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *McDaniel v. Holland*, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986). A petition for writ of *habeas*

Petitioner appears to acknowledge that he has not exhausted his available State remedies as to all federal claims that he intends to raise and requests that his Petition be stayed in abeyance pending exhaustion in State court.[4] When a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfect petition." Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). In Rhines, however, the Supreme Court cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. (noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition

---

corpus filed under the original jurisdiction of the West Virginia Supreme Court that is denied with prejudice following a determination on the merits will also exhaust the prisoner's State court remedies. See Moore, 879 F.Supp. at 593; McDaniel, 631 F.Supp. at 1546.

[4] Based on the undersigned's preliminary review, it does not appear that Petitioner has fully exhausted Ground 2 of his federal habeas petition.

11

in federal court before the limitations period runs are slim."); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"). Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted.

Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ

---

[5] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's conviction and sentence was affirmed by the West Virginia Supreme Court on March 4, 2010. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court and therefore, his conviction became final on or about June 2, 2010 (90 days after the West Virginia Supreme Court affirmed his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on June 3, 2010. The statute of limitations ran for 25 days until June 28, 2010, when Petitioner filed his first *habeas* petition in the Circuit Court of Cabell County (Case No. 10-C-464), which tolled the statute of limitations. Petitioner's first *habeas* appeal was dismissed by the West Virginia Supreme Court on November 30, 2012. The statute of limitations remained tolled because Petitioner filed his second *habeas* petition with the Circuit Court of Cabell County (Case No. 11-C-654) on September 7, 2011, prior to the West Virginia Supreme Court dismissing his appeal regarding his first *habeas* petition. The statute of limitations remained tolled until the day that Petitioner's *habeas* appeal was refused by the West Virginia Supreme Court, which was on or about June 12, 2013. The statute of limitations began to run again on June 13, 2013, and ran for 27 days until July 10, 2013, when Petitioner filed his third *habeas* petition with the Circuit Court of Cabell County (Case No. 13-C-486). That statute of limitations is currently tolled. Upon the conclusion of Petitioner's State *habeas* proceedings, Petitioner will have approximately 313 days[6] in which to file a Section 2254 Petition in federal court. Accordingly, the undersigned finds that dismissal will not jeopardize the timeliness of Petitioner's Section 2254 Petition and, therefore, he cannot at this time

---

[6] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petitions correctly and timely.

13

demonstrate good cause for his failure to present his claims to the State Courts prior to seeking federal *habeas* relief. Accordingly, undersigned recommends that Respondent's Motion to Dismiss be denied, Petitioner's "Motion to Hold in Abeyance 2254 Petition Until Completion of State Court Proceedings" be denied, and Petitioner's Petition must be dismissed without prejudice.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion to Hold in Abeyance 2254 Petition Until Completion of State Court Proceedings" (Document No. 3.), **DENY** Respondent's "Motion to Dismiss Petition" (Document No. 6.), **DISMISS** without prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have  seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

14

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Dated: February 28, 2014.

R. Clarke VanDervort
United States Magistrate Judge